OPINION
By HORNBECK, J.
The question presented for determination upon this appeal, which is upon questions of law and fact, is whether or not Bertha Mays, surviving widow of William T. Mays, is entitled to her distributive share, in lieu of dower, in the proceeds from the sale of 96 acres, more or less, of land under the Entailed Estates Act, §11925 GC.
Briefly stated, the question presented arises as follows:
Under the third item of the will of Isaac H. Mays, deceased, it was provided,
“Third: Subject to said life estate in my said wife, Mary M. Mays, I give and devise to my son, William T. Mays, and unto the heirs of his body, or, if my said son should die without having issue or any heir of his body surviving, then to my son John F. Mays and the heirs of his body that portion of the said Harshman farm above described which lies north of the centre of the Yellow Springs Pike being 96 acres more or less,” * *.
Isaac H. Mays, testator, father of William T. Mays, died in 1879. His son, William T. Mays, died November 15, 1941. William T, Mays had one son, Kendall Mays, who pre-deceased his father of date February 14, 1937. Kendall Mays left his widow, Bertha Mays, defendant-appellant and two children, Izora Mays, Gerald Mays, defendants-appellees, both of whom survive.
It will be noted that that portion of the item under consideration created a fee tail estate. The son. William T. Mays, is the first donee in tail. Upon the death of William T. Mays, he left no heir of his body, that issue, Kendall Mays having predeceased the first donee in tail. So that the narrow question is whether or not in the situation thus presented Bertha Mays, the widow of Kendall Mays, is entitled to her share in lieu of dower under §10502-1 as the surviving spouse of Kendall Mays.
Former Sec. 8622 GC, now §10512-8, the statute against perpetuities, provides, in part:
“All estates given in tail, by deed or will, in lands or tenements lying within this state, shall be and remain an absolute estate in fee simple to the issue of the first, donee in tail.”
*104 The section defining dower provides that,
“A widow, under the conditions ■set out in the statute, shall be endowed of an interest in the real property of which the deceased ■consort was seized as an estate of inheritance at any time during the marriage, etc.”
Dungan v Kline, et al., 81 Oh St, 371, has long been recognized as authority for the proposition that,
“The issue of a donee in tail, ■during the life of such donee, has no estate or interest in the lands ■entailed which he can alienate.”
It follows that, if the issue of the donee in tail has no interest which he can alienate, he has no estate -of inheritance upon which his surviving spouse upon his death may predicate any right to an interest analogous to dower.
In Pollock, et al v Speidel, 17 Oh St 439, the court had under consideration the Act of December 17, 1811 (S. and C. Stat. 550), in which the germane language is identical with §10513-8, GC and at page 447, Scott, J., said,
“This statute recognizes the first ■donee in tail as holding an estate for life only, as tenant in tail; and does not convert the estate into a fee simple, till it reaches the hands of his. issue.”
The statute against perpetuities does not operate to change or enlarge the interest of Kendall Mays under Item III of his grandfather’s will. This authority is challenged by counsel for appellant but we know of no later case which removes its effect.
See also Laver v Krieter, 7 Oh Ap 441.
Without respect to the construction required by the technical language employed in this will, it becomes clear upon a consideration of all of the language of Item III that the testator did not intend that any estate should vest in the issue or heir of the body of William T. Mays unless the person answering that description sur-vived William T. Mays. The language of the item in all instances is “any heir of his (William’s) body surviving”.
The judgment in this court will be to the effect that the defendant-appellant, Bertha Mays, is not entitled to any share, in lieu of dower, under §10503-1 GC as the surviving spouse of Kendall Mays.
GEIGER, PJ. and BARNES, J., concur.